**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLLY NYDES,<br><br>                    Plaintiff,<br><br>vs.<br><br>DOUGLAS OSBORNE, et al.,<br><br>                    Defendants. | Case No. 2:11-cv-01675-KJD-PAL<br><br>**ORDER**<br><br>(Mtn to Extend Time - Dkt. #12) |

    This matter is before the court on Plaintiff Holly Nydes' Motion to Extend Time to Effect Service of Process and to Effect Substituted Service of Process (Dkt. #12) filed March 7, 2012. The court has considered the Motion.

    The Motion, which is supported by two Affidavits of Due Diligence, requests an order allowing Plaintiff additional time to serve the Complaint and summons on Defendants Douglas Osborne, Tail Spin Bar & Grill, and Aces & Ales.[1] Plaintiff also requests that she be allowed to serve process by publication. The Complaint (Dkt. #1) was filed on October 17, 2011, and summons were issued the same day. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve process no later than February 14, 2012–120 days after she filed the Complaint. Plaintiff represents she has pursued all options to serve Defendants, including retaining a process server. She believes Defendants are evading service of process, and therefore, she requests permission to effect service by publication.

---

[1] The Motion is not entirely clear for which Defendants it seeks an extension of time and permission to serve by publication. Initially, the Motion refers to all three Defendants, but pages 4-5 of the Motion only request relief with respect to Defendants Osborne and Tail Spin Bar & Grill. A review of the Affidavit of Service (Dkt. #9) reflects that on February 14, 2012, Plaintiff's process server served the Complaint on Defendant Aces & Ales' registered agent. Accordingly, the court will consider the Motion only with respect to Defendants Douglas Osborne and Tail Spin Bar & Grill.

Plaintiff's Complaint alleges that Defendant Tail Spin is no longer in existence or incorporated in Nevada. *See* Complaint (Dkt. #1) at ¶2. Plaintiff contends Defendant Osborne was the owner of Defendant Tail Spin until it closed for business. *Id.* at ¶3. Thus, in order to serve Defendant Tail Spin, Plaintiff must serve Defendant Osborne in both his individual capacity and as the owner of Defendant Tail Spin. Plaintiff's process server asserts that he attempted to locate Defendant Osborne using the following sources: the Clark County Assessor's Office, United States Post Office, Clark County Voter's Registration, the local telephone directory, and "national proprietary non-public databases."

He attempted service on at least twenty-one occasions between October 19, 2011, and February 13, 2012. At least nineteen of these attempts were made at the Aces & Ales bar, located at 3740 S. Nellis Blvd., Las Vegas, NV 89121. On each occasion, the process server was advised that Defendant Osborne was not in. On other occasions, the process server waited at the property for an hour or two at a time, hoping to serve Defendant Osborne based upon a detailed physical description of Mr. Osborne and his vehicle. Two attempts were made at alternative addresses. Plaintiff's process server attempted to serve Defendant Osborne at 1820 Vacarro Place, Henderson, NV 89074, and the current resident of that home represented that he does not know Defendant Osborne or his whereabouts. When the process server attempted service at 2414 Legacy Island Circle, Henderson, NV 89074, the house was vacant and unfurnished, and a neighbor advised the process server that the address was a recent foreclosure. Each of the process server's attempts to serve Defendants Osborne and Tail Spin were unsuccessful. The process server is of the professional opinion that Defendants Osborne and Tail Spin cannot be served in the State of Nevada.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." *Id*. In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786-7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105. The *Price* court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

On the other hand, in *Abreu*, the Nevada Supreme Court determined that plaintiff exercised due diligence in attempting service and could resort to service by publication. 985 P.2d at 747. There, the plaintiff had made attempted to serve the defendant at his possible address on three occasions and had consulted telephone company directories to locate the defendant. *Id*. By contrast, in *McNair*, the Nevada Supreme Court held that the plaintiff's seven attempts to serve the defendant at defendant's residence did not meet the due diligence standard. 874 P.2d at 1241. Plaintiff also tried to serve the defendant at a court hearing but was unsuccessful because the defendant failed to appear. *Id*. The court ruled that because plaintiff only attempted to serve defendant once during the second extension of time to effect service, service by publication was not warranted. *Id*.

Here, Plaintiff has attempted to serve Defendants Osborne and Tail Spin on more than twenty-one occasions and at three different addresses. The process server waited for up to two hours at a time in the Aces & Ales parking lot to see if Defendant Osborne would arrive. The process server made inquiries with the bartender at Aces & Ales, the current resident at the Vacarro address, and a neighbor at the Legacy Island address concerning Defendant Osborne's whereabouts. The process server

attempted to locate Defendant Osborne through various other means, including running searches in the Clark County Assessor's Office, United States Post Office, Clark County Voter's Registration, the local telephone directory, and "national proprietary non-public databases."  Given the extent of the process server's attempts to locate Defendants Osborne and Tail Spin, the court finds Plaintiff has shown due diligence.  Defendants cannot be located or are attempting to avoid service of summons.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Extension of Time to Effect Service of Process and to Effect Substituted Service of Process (Dkt. #12) is GRANTED.
2. Plaintiff shall have until **May 15, 2012,** in which to effect service on Defendants Osborne and Tail Spin Bar & Grill.
2. Plaintiff shall serve the Complaint (Dkt. #1) and summons on Defendants by publication in the *Las Vegas Review Journal* newspaper for a period of four weeks at least once per week.
3. Plaintiff shall also mail a copy of the Complaint and summons to (a) Defendant Osborne's last known residence; and (b) Defendant Tail Spin Bar & Grill at its last known business address in the records of the Nevada Secretary of State.

Dated this 15th day of March, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE