UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOLLY NYDES,

    Plaintiff,

v.

DOUGLAS OSBORNE, *et al*.,

    Defendants.

Case No. 2:11-CV-01675-KJD-PAL

**ORDER**

Before the Court is Plaintiff Holly Nydes's Motion for Default Judgment (#31).

The Clerk of Court entered default (#24) against Defendants Douglas Osborne and Tail Spin Bar & Grill (collectively "Defendants") on September 12, 2012. Plaintiff moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of default judgment against Defendants. The Court conducted a hearing on February 5, 2013, to establish the truth of the allegations and determine the amount of damages suffered by Plaintiff.

Discussion

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." Warner Bros. Entm't Inc. v. Caridi,

346 F.Supp.2d 1068, 1071 (C.D.Cal.2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. Id. (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471–72.

The Court has reviewed the documents and pleadings on file in this matter and finds that the Eitel factors support entering a default judgment in this action. The first factor supports default judgment because Plaintiff made a good faith effort to serve Defendants personally and properly served them via publication and would be prejudiced if she is unable to obtain a default judgment.

Eitel factors 2-5 also support entry of the default judgment. In support of the substantive claims identified in her complaint, Plaintiff submitted documentary evidence (see #23 Affidavit of George E. Cromer) and made representations to the Court at the hearing which establish that Plaintiff was harassed by Defendant Osborne while working at Tail Spin Bar & Grill. Specifically, beginning in July 2008, Osborne made sexual comments toward Plaintiff and in December 2009, sent pornographic pictures via email to Plaintiff. Plaintiff claims to have felt intimidated by Osborne, although he never physically touched her. Plaintiff began experiencing marital problems, anxiety, and depression as a result of Osborne's harassment. Plaintiff quit working at Tail Spin Bar & Grill because of the harassment. Plaintiff's yearly income at the time she quit was approximately $50,000.

According to the representations of Plaintiff's Counsel, her economic damages amount to $50,000. Plaintiff requests a further $10,000 in attorney's fees. Plaintiff applied for and received unemployment. At a hearing to determine Plaintiff's entitlement to benefits Osborne admitted the key allegations of the complaint. Plaintiff received treatment for her anxiety and depression,

including multiple visits to medical professionals over the course of six months. Plaintiff eventually obtained other employment with a yearly income of about $25,000.

The final two factors also support entry of default judgment. The Court is unaware of any excuse for Defendants' failure to respond to this complaint and the public policy considerations weigh in favor of granting Plaintiff's a default judgment in light of the serious allegations in this case.

The evidence presented before the Court is sufficient to satisfy the Court that entry of default judgment for $50,000 damages and $10,000 in attorney's fees is fair and reasonable.

Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (#31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff submit a proposed judgment to the Court within 10 days from the date of this order.

DATED this 5th day of February 2013.

_____
Kent J. Dawson
United States District Judge